**Martin J. Davidson**
6109 Route 9H/23
Claverack, NY 12513
(518) 851-5191

Hon. Glenn T. Suddaby
U.S. District Court
100 Clinton Street
Syracuse, NY 13261

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
OCT 12 2010
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

Re: 1:10-CV-1165 (GTS/RFT)

October 7, 2010

Dear Judge Suddaby,

In the matter of the Martin Davidson, Plaintiff, and Aurora Loan Services, Defendant, foreclosure lawsuit, the Hon. Patrick J. McGrath, of the Supreme Court in Columbia County, City of Hudson, has denied Aurora's Summary Judgment action and has ordered Aurora to produce the original consolidation note and mortgage. This has been something they have refused to produce now for the past year. So I would think the foreclosure proceedings are on hold at this stage. Enclosed please find a copy of the Judge McGrath decision.

On October 5th Aurora was served with the summons and complaint for this action. I am waiting for the affidavit for that service.

Yours truly,

Martin J. Davidson



At a Term of the Supreme Court, held in and for the County of Columbia, in the City of Hudson, New York, on the 11th day of August, 2010.

PRESENT: HON. PATRICK J. McGRATH
              Justice

SUPREME COURT
COUNTY OF COLUMBIA    STATE OF NEW YORK

---

AURORA LOAN SERVICES, LLC,

                      Plaintiff,

    -against-

MARTIN J. DAVIDSON, WACHOVIA
BANK, NATIONAL ASSOCIATION,
JOHN DOE (Said name being fictitious, it being
the intention of Plaintiff to designate any and all
occupants of premises being foreclosed herein,
and any parties, corporations or entities, if any,
having or claiming an interest or lien upon the
mortgaged premises),

                      Defendants.

DECISION AND ORDER

INDEX NO. 5709/09

---

APPEARANCES:    STEVEN J. BAUM, P.C.
                         (TIMOTHY P. SEIBOLD, ESQ. of Counsel)
                         Attorneys for Plaintiff

                         RAPPORT, MEYERS, WHITBECK,
                         SHAW & RODENHAUSEN, LLP
                         (VICTOR M. MEYERS, ESQ. of Counsel)
                         Attorneys for Defendant Davidson

McGRATH, PATRICK J.    J.S.C.

    Plaintiff has moved for summary judgment granting an order of reference in the instant

mortgage foreclosure action as well as substituting Virginia Martin as a defendant in stead of John Doe. Defendant Davidson has cross-moved for an order compelling plaintiff to attend a deposition and to produce the original promissory note upon which this action is based. There being no opposition to the substitution, such relief is granted.

Summary judgment is a drastic remedy which should only be granted when it is clear that there are no triable issues of fact (*see Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Bush v St. Clare's Hosp.*, 82 NY2d 738, 739 [1993]). Once the movant has established a right to judgment as a matter of law, the burden shifts to the opponent of the motion to establish, by admissible proof, the existence of genuine issues of material fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In general, the Court will then view the evidence in a light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference, and determine whether there is any triable issue of fact (*see Boyce v Vazquez*, 249 AD2d 724, 726 [3d Dept 1998]; *Martin v Briggs*, 235 AD2d 192, 196 [1st Dept 1997]; *Simpson v Simpson*, 222 AD2d 984, 986 [3d Dept 1995]).

The named plaintiff is not the lender named in the mortgages involved herein and is relying upon an assignment of the original mortgage. Notwithstanding such fact, plaintiff contends that it is only required to submit proof of execution of the mortgage and note and default thereunder in order to make a prima facie case. However, most of the numerous cases cited by plaintiff did not involve assigned mortgages. The only one cited by plaintiff which did involve an assignment specifically required proof of the assignment as well as the other items (*see Bercy Invs. v Sun*, 239 AD2d 161 [1st Dept 1997]; *see also North Bright Capital, LLC v 705 Flatbush Realty, LLC*, 66 AD3d 977 [2d Dept 2009]; *Wilshire Credit Corp. v 14 First St. Corp.*, 273 AD2d 464, 465 [2d Dept 2000]; *First Trust Natl. Assn. v Pinter*, 264 AD2d 464, 464-465 [2d Dept 1999]). Clearly, plaintiff may not foreclose the mortgage if it is not the holder of the mortgage and the underlying obligation.

Defendant Davidson originally executed a note and granted a mortgage in the amount of $950,000 to North Fork Bank on January 22, 2004. On December 20, 2005, the original note and mortgage were assigned to BNY Mortgage Company, LLC. On the same date, defendant Davidson executed an additional note and granted a mortgage to BNY Mortgage which increased the debt to a total amount of $1,500,000. Defendant Davidson also executed a consolidation note and mortgage and a Consolidation, Extension and Modification Agreement dated December 20, 2005 which provided that the consolidated mortgage superceded all of the terms, covenants and provisions of the prior mortgages. The consolidated note and mortgage in the amount of $1,500,000 were assigned to Lehman Brothers Bank on December 27, 2005. Lehman Brothers Bank assigned them to MERS on June 12, 2006. Thereafter, on July 9, 2009 Aurora Bank F/K/A Lehman Brothers Bank executed a "Corrective Assignment" of the 2004 $950,000 mortgage to MERS. On the same date, MERS assigned the 2004 $950,000 mortgage to plaintiff. However, the 2004 mortgage was superceded and

effectively satisfied by the subsequent consolidation mortgage. Plaintiff has not submitted a written assignment of the 2005 $1,500,000 mortgage and note. As such, plaintiff has failed to submit documentary evidence establishing that it is the current holder of the note and mortgage by assignment.

Plaintiff may also establish ownership by proving "the delivery of the bond and mortgage by the assignor to the assignee with the intention that all ownership interest be thereby transferred, *Fryer v Rockefeller*, 63 NY 268 (1875); *Curtis v Moore*, 152 NY 159 (1897); *see generally* 78 NY Jur 2d Mortgages and Deeds of Trust § 272" (*Deutsche Bank Trust Co. Ams. v Peabody*, 20 Misc 3d 1108[A] [Sup Ct, Saratoga County 2008]). Plaintiff has submitted an affidavit from a Vice President stating in entirely conclusory fashion that plaintiff has possession of the note and mortgage. No facts are stated with respect to how or when plaintiff came into possession or that the assignor intended to transfer all ownership interests in the note and mortgage to the plaintiff. Moreover, plaintiff has failed to comply with defendant Davidson's reasonable discovery demands addressed to this specific issue. Instead, it seeks summary judgment based upon an issue of which it has exclusive knowledge, that is, possession of the original consolidated note and mortgage. Clearly, submission of photocopies, even if certified, does not establish current possession. Under the circumstances, summary judgment based upon plaintiff's exclusive knowledge is inappropriate (*see Tenkate v Moore*, 274 AD2d 934, 935 [3d Dept 2000]; *Antunes v 950 Park Ave. Corp.*, 149 AD2d 332, 333 [1st Dept 1989]).

Defendant Davidson has shown that the discovery sought in the cross-motion is material and relevant to the issue of plaintiff's ownership of the consolidation note and mortgage. As such, he is entitled to conduct an examination before trial of the plaintiff by a person with knowledge of the circumstances of the assignment as well as production at such examination of the original consolidation note and mortgage. Plaintiff shall appear by a representative with such knowledge and shall produce the original documents at the Columbia County Courthouse for an examination before trial to be held on the 15th day of October, 2010 at 10:00 am or at such other time and place as the parties may in writing stipulate.

Accordingly, the instant application for summary judgment of foreclosure is hereby denied without prejudice to renew following completion of discovery. Virginia Martin is hereby substituted for John Doe as a defendant herein. The cross-motion to compel discovery is hereby granted to the extent indicated herein.

This shall constitute the Decision and Order of the Court. This Decision and Order is being returned to the attorneys for defendant Davidson. All original supporting documentation is being filed with the County Clerk's Office. The signing of this Decision and Order shall not constitute entry or filing under CPLR 2220. Counsel are not relieved from the applicable provisions of that rule relating to filing, entry, and notice of entry.

**SO ORDERED.
ENTER.**

Dated: September 20, 2010
       Troy, New York

                                           _____
                                           PATRICK J. McGRATH
                                           Supreme Court Justice

<u>Papers Considered</u>:

1. Notice of Motion, dated July 9, 2010; Affirmation of Timothy P. Seibold, Esq., dated July 9, 2010; Affidavit of Cheryl Marchant, dated January 5, 2010, with annexed Exhibits C-T; Affirmation of Regularity of Timothy P. Seibold, Esq., dated July 9, 2010; Affidavit of Cheryl Marchant, dated October 26, 2010;
2. Cross-Notice of Motion, dated August 2, 2010; Affidavit of Victor M. Meyers, Esq., dated August 2, 2010, with annexed Exhibits A-E;
3. Affirmation of Timothy P. Seibold, Esq., dated August 9, 2010, with annexed Exhibits A-E.

4