UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

MARTIN DAVIDSON,

                         Plaintiff(s),

         -against-                                         Case No:  10-CV -1165

AURORA LOAN SERVICES,                                              (GTS)

                         Defendant(s).

### DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION
### FOR A TEMPORARY INJUNCTION

Jordan J. Manfro, Esq., attorney for Defendant, Aurora Loan Services ("Defendant"), affirms the following under penalties of perjury:

1.      This Response is submitted in opposition to Plaintiff, Martin Davidson's ("Plaintiff"), Petition for a Temporary Injunction enjoining the Defendant from foreclosing on the property located at 6109 Route 9H/23, Claverack, NY 12513 ("Property").

2.      In support of the instant application, Plaintiff alleges that Defendant did not have standing to bring a foreclosure action entitled *AURORA LOAN SERVICES, LLC v. MARTIN J. DAVIDSON*, Index No. 5709/2009, in the Supreme Court, County of Columbia, and that the note to be foreclosed was "fraudulent in its creating as endorsement was secured by acts of negligence, common law fraud, fraud by non-disclosure, fraud in the inducement, fraud in execution, usury and breaches of contractual and fiduciary obligations by Mortgagee or Trustee…"

3.      Plaintiff further alleges several causes of action against Defendant in his Petition, more specifically, Plaintiff seeks damages against Defendant for purported violations of RESPA, conspiracy to commit fraud with the appraiser and trustee,

violations of the deceptive practices act, violations of TILA, unjust enrichment, breach of fiduciary duty, negligence, fraud, breach of the implied covenant of good faith and fair dealing and intentional infliction of emotional distress.

## STANDARD OF REVIEW

4.      A preliminary injunction is an "extraordinary and drastic remedy that should not be routinely granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).   A party seeking a preliminary injunction must demonstrate "(1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008).

5.      A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction. Rodriguez ex rel. Rodriguez v. DeBuono, 175 F.3d 227, 233-34 (2d Cir. 1999).  The Second Circuit has defined "irreparable harm" as an injury that is both "actual and imminent, not remote or speculative." Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002).

## ARGUMENT

6.      In the case at bar, Plaintiff has failed to make a clear showing that he will suffer immediate irreparable harm if a preliminary injunction is not granted enjoining the Defendant from foreclosing on the Property.  Pursuant to Plaintiff's own letter dated

-2-

October 7, 2010 and the Decision and Order of the Hon. Patrick J. McGrath dated September 20, 2010, the state court recently denied Aurora's Motion for Summary Judgment and instead directed the parties to proceed with discovery.   Copies of Plaintiff's Letter and the Decision are annexed hereto as **Exhibit "A"**.

7.     As the merits of the underlying foreclosure action have yet to even be adjudicated, a sale of the Property is neither imminent nor definite at this time. Accordingly, Defendant cannot demonstrate that that he will suffer immediate irreparable harm and thus Plaintiff's application for a preliminary injunction should be denied. <u>Campanella v. BAC Home Loans Service, LP</u>, Slip Copy, 2010 WL 2775865 (N.D.N.Y. 2010)(denying Plaintiff's application for a preliminary injunction where Plaintiff failed to submit sufficient evidence to persuade the Court of the imminent nature of a foreclosure sale).

**WHEREFORE**, Defendant, Aurora Loan Services, respectfully requests that the Court deny Plaintiff, Martin Davidson's, Petition for a Temporary Injunction and for such other and further relief as to this Court deems just and proper.

Dated:     Elmsford, New York
              October 25, 2010                        Respectfully Submitted,
                                                      KNUCKLES, KOMOSINSKI & ELLIOTT, LLP.


                                                      _____
                                                      By: Jordan J. Manfro, Esq.
                                                      Attorney for Defendant Aurora Loan Services
                                                      565 Taxter Road, Suite 590
                                                      Elmsford, NY 10523

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 25, 2010, a true and correct copy of the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY INJUNCTION was served on the parties listed below by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in - a post office - official depository under the exclusive care and custody of the United States Postal Service within the State of New York, as indicated below.

Martin J. Davis
6109 Route 9H/23
Claverack, NY 12513

KNUCKLES, KOMOSINSKI & ELLIOTT, LLP.
Attorney for Defendant Aurora Loan Services
565 Taxter Road, Suite 590
Elmsford, NY 10523

# EXHIBIT A

**Martin J. Davidson**
6109 Route 9H/23
Claverack, NY 12513
(518) 851-5191

U.S. DISTRICT COURT - N.D. OF N.Y.

# FILED

OCT 1 2 2010

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

Hon. Glenn T. Suddaby
U.S. District Court
100 Clinton Street
Syracuse, NY 13261

Re: 1:10-CV-1165 (GTS/RFT)

October 7, 2010

Dear Judge Suddaby,

In the matter of the Martin Davidson, Plaintiff, and Aurora Loan Services, Defendant, foreclosure lawsuit, the Hon. Patrick J. McGrath, of the Supreme Court in Columbia County, City of Hudson, has denied Aurora's Summary Judgment action and has ordered Aurora to produce the original consolidation note and mortgage. This has been something they have refused to produce now for the past year. So I would think the foreclosure proceedings are on hold at this stage. Enclosed please find a copy of the Judge McGrath decision.

On October 5th Aurora was served with the summons and complaint for this action. I am waiting for the affidavit for that service.

Yours truly,

Martin J. Davidson

COPY

At a Term of the Supreme Court, held in and
for the County of Columbia, in the City of
Hudson, New York, on the 11th day of
August, 2010.

PRESENT: HON. PATRICK J. McGRATH
           Justice

SUPREME COURT
COUNTY OF COLUMBIA      STATE OF NEW YORK

---

AURORA LOAN SERVICES, LLC,

                Plaintiff,

-against-

MARTIN J. DAVIDSON, WACHOVIA
BANK, NATIONAL ASSOCIATION,
JOHN DOE (Said name being fictitious, it being
the intention of Plaintiff to designate any and all
occupants of premises being foreclosed herein,
and any parties, corporations or entities, if any,
having or claiming an interest or lien upon the
mortgaged premises),

                Defendants.

DECISION AND ORDER

INDEX NO. 5709/09

---

APPEARANCES:         STEVEN J. BAUM, P.C.
                    (TIMOTHY P. SEIBOLD, ESQ. of Counsel)
                    Attorneys for Plaintiff

                    RAPPORT, MEYERS, WHITBECK,
                    SHAW & RODENHAUSEN, LLP
                    (VICTOR M. MEYERS, ESQ. of Counsel)
                    Attorneys for Defendant Davidson

McGRATH, PATRICK J.     J.S.C.

        Plaintiff has moved for summary judgment granting an order of reference in the instant

mortgage foreclosure action as well as substituting Virginia Martin as a defendant in stead of John Doe. Defendant Davidson has cross-moved for an order compelling plaintiff to attend a deposition and to produce the original promissory note upon which this action is based. There being no opposition to the substitution, such relief is granted.

Summary judgment is a drastic remedy which should only be granted when it is clear that there are no triable issues of fact (*see Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Bush v St. Clare's Hosp.*, 82 NY2d 738, 739 [1993]). Once the movant has established a right to judgment as a matter of law, the burden shifts to the opponent of the motion to establish, by admissible proof, the existence of genuine issues of material fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In general, the Court will then view the evidence in a light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference, and determine whether there is any triable issue of fact (*see Boyce v Vazquez*, 249 AD2d 724, 726 [3d Dept 1998]; *Martin v Briggs*, 235 AD2d 192, 196 [1st Dept 1997]; *Simpson v Simpson*, 222 AD2d 984, 986 [3d Dept 1995]).

The named plaintiff is not the lender named in the mortgages involved herein and is relying upon an assignment of the original mortgage. Notwithstanding such fact, plaintiff contends that it is only required to submit proof of execution of the mortgage and note and default thereunder in order to make a prima facie case. However, most of the numerous cases cited by plaintiff did not involve assigned mortgages. The only one cited by plaintiff which did involve an assignment specifically required proof of the assignment as well as the other items (*see Bercy Invs. v Sun*, 239 AD2d 161 [1st Dept 1997]; *see also North Bright Capital, LLC v 705 Flatbush Realty, LLC*, 66 AD3d 977 [2d Dept 2009]; *Wilshire Credit Corp. v 14 First St. Corp.*, 273 AD2d 464, 465 [2d Dept 2000]; *First Trust Natl. Assn. v Pinter*, 264 AD2d 464, 464-465 [2d Dept 1999]). Clearly, plaintiff may not foreclose the mortgage if it is not the holder of the mortgage and the underlying obligation.

Defendant Davidson originally executed a note and granted a mortgage in the amount of $950,000 to North Fork Bank on January 22, 2004. On December 20, 2005, the original note and mortgage were assigned to BNY Mortgage Company, LLC. On the same date, defendant Davidson executed an additional note and granted a mortgage to BNY Mortgage which increased the debt to a total amount of $1,500,000. Defendant Davidson also executed a consolidation note and mortgage and a Consolidation, Extension and Modification Agreement dated December 20, 2005 which provided that the consolidated mortgage superceded all of the terms, covenants and provisions of the prior mortgages. The consolidated note and mortgage in the amount of $1,500,000 were assigned to Lehman Brothers Bank on December 27, 2005. Lehman Brothers Bank assigned them to MERS on June 12, 2006. Thereafter, on July 9, 2009 Aurora Bank F/K/A Lehman Brothers Bank executed a "Corrective Assignment" of the 2004 $950,000 mortgage to MERS. On the same date, MERS assigned the 2004 $950,000 mortgage to plaintiff. However, the 2004 mortgage was superceded and

2

effectively satisfied by the subsequent consolidation mortgage. Plaintiff has not submitted a written assignment of the 2005 $1,500,000 mortgage and note. As such, plaintiff has failed to submit documentary evidence establishing that it is the current holder of the note and mortgage by assignment.

Plaintiff may also establish ownership by proving "the delivery of the bond and mortgage by the assignor to the assignee with the intention that all ownership interest be thereby transferred, *Fryer v Rockefeller*, 63 NY 268 (1875); *Curtis v Moore*, 152 NY 159 (1897); *see generally* 78 NY Jur 2d Mortgages and Deeds of Trust § 272" (*Deutsche Bank Trust Co. Ams. v Peabody*, 20 Misc 3d 1108[A] [Sup Ct, Saratoga County 2008]). Plaintiff has submitted an affidavit from a Vice President stating in entirely conclusory fashion that plaintiff has possession of the note and mortgage. No facts are stated with respect to how or when plaintiff came into possession or that the assignor intended to transfer all ownership interests in the note and mortgage to the plaintiff. Moreover, plaintiff has failed to comply with defendant Davidson's reasonable discovery demands addressed to this specific issue. Instead, it seeks summary judgment based upon an issue of which it has exclusive knowledge, that is, possession of the original consolidated note and mortgage. Clearly, submission of photocopies, even if certified, does not establish current possession. Under the circumstances, summary judgment based upon plaintiff's exclusive knowledge is inappropriate (*see Tenkate v Moore*, 274 AD2d 934, 935 [3d Dept 2000]; *Antunes v 950 Park Ave. Corp.*, 149 AD2d 332, 333 [1st Dept 1989]).

Defendant Davidson has shown that the discovery sought in the cross-motion is material and relevant to the issue of plaintiff's ownership of the consolidation note and mortgage. As such, he is entitled to conduct an examination before trial of the plaintiff by a person with knowledge of the circumstances of the assignment as well as production at such examination of the original consolidation note and mortgage. Plaintiff shall appear by a representative with such knowledge and shall produce the original documents at the Columbia County Courthouse for an examination before trial to be held on the 15th day of October, 2010 at 10:00 am or at such other time and place as the parties may in writing stipulate.

Accordingly, the instant application for summary judgment of foreclosure is hereby denied without prejudice to renew following completion of discovery. Virginia Martin is hereby substituted for John Doe as a defendant herein. The cross-motion to compel discovery is hereby granted to the extent indicated herein.

This shall constitute the Decision and Order of the Court. This Decision and Order is being returned to the attorneys for defendant Davidson. All original supporting documentation is being filed with the County Clerk's Office. The signing of this Decision and Order shall not constitute entry or filing under CPLR 2220. Counsel are not relieved from the applicable provisions of that rule relating to filing, entry, and notice of entry.

3

**SO ORDERED.**
**ENTER.**

Dated:  September 20, 2010
Troy, New York

PATRICK J. McGRATH
Supreme Court Justice

Papers Considered:

1.    Notice of Motion, dated July 9, 2010; Affirmation of Timothy P. Seibold, Esq., dated July 9, 2010; Affidavit of Cheryl Marchant, dated January 5, 2010, with annexed Exhibits C-T; Affirmation of Regularity of Timothy P. Seibold, Esq., dated July 9, 2010; Affidavit of Cheryl Marchant, dated October 26, 2010;

2.    Cross-Notice of Motion, dated August 2, 2010; Affidavit of Victor M. Meyers, Esq., dated August 2, 2010, with annexed Exhibits A-E;

3.    Affirmation of Timothy P. Seibold, Esq., dated August 9, 2010, with annexed Exhibits A-E.

4