UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW
_____

MARTIN DAVIDSON,

                              Plaintiff,

v.                                                       1:10-CV-1165
                                                      (GTS/RFT)

AURORA LOAN SERVICES,

                              Defendant.
_____

APPEARANCES:

MARTIN DAVIDSON
  Plaintiff, *Pro Se*
6109 Route 9H/23
Claverack, NY 12513

KNUCKLES, KOMOSINSKI & ELLIOT, LLP        JORDAN J. MANFRO, ESQ.
  Counsel for Defendant
565 Taxter Road
Suite 590
Elmsford, NY 10523

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* action filed by Martin Davidson ("Plaintiff") against Aurora Loan Services ("Defendant") arising out of a real property foreclosure dispute, is Plaintiff's motion for a preliminary injunction precluding Defendant from foreclosing on Plaintiff's real property. (Dkt. No. 2.) For the reasons set forth below, Plaintiff's motion is denied.

**I.     RELEVANT BACKGROUND**

Generally, in his Complaint, Plaintiff asserts against Defendant claims of breach of fiduciary duty, negligence, fraud, intentional infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, and violation of the Truth in Lending Act, arising out of Defendant's conduct in allegedly (1) colluding with others to induce him to enter into a predatory contract for the refinancing of his primary residence, in Claverack, New York, (2) failing to give proper notices to him, (3) charging him false loan settlement fees, and (4) instituting frivolous collection procedures against him.  (*See generally* Dkt. No. 1.)  For a more complete recitation of Plaintiff's claims, and the factual allegations supporting them, the reader is referred to Plaintiff's Complaint in its entirety.  (*Id*.)

**II.    GOVERNING LEGAL STANDARD**

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted).

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," and . . ., accordingly, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66-67 (2d Cir. 2007).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri v. Bloomberg,* 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101, 113-14 [2d Cir. 2003]).[1] Additionally, irreparable harm "must be shown to be actual and imminent, not remote or speculative." *Kamerling,* 295 F.3d at 214.

### III.  ANALYSIS

Based on the papers currently before the Court, Plaintiff has not satisfactorily shown irreparable harm at this juncture.  In particular, Plaintiff has failed to indicate, in his Complaint or elsewhere, the scheduled date of the allegedly imminent sale of his home.  (*See generally*, Docket Sheet.)  Indeed, Plaintiff has indicated to the Court that various events (including the conducting of discovery, the holding of a trial, and the entry of a judgment) must occur before the sale of his home will become "imminent."  (Dkt. No. 6.)  More specifically, in compliance with the Court's request for a status report regarding the state court foreclosure action brought by Defendant against Plaintiff, Plaintiff has indicated that, on September 20, 2010, the state court judge presiding over the state court action that is the subject of the current action denied Aurora Loan Services' motion for summary judgment, and ordered Aurora Loan Services to submit to certain discovery conducted by Mr. Davidson.  (*Id.*)

---

[1]  *See also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.") (internal quotation omitted).

Moreover, even if the Court were to find that Plaintiff has sufficiently shown irreparable harm, the Court would be unable to find, based on the current motion papers, that Plaintiff has sufficiently shown either (1) a *likelihood* of success on the merits of the claim, or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping *decidedly* in favor of Plaintiff.

Finally, even if the Court were to find that Plaintiff has made a sufficient showing regarding irreparable harm and the merits of his claims, the Court would have serious reservations about granting an injunction under the circumstances, given the strictures of the Anti-Injunction Act, 28 U.S.C. § 2283, which bars a federal court from enjoining a proceeding in state court unless that action is "expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Retirement Systems of Alabama, et al v. J.P. Morgan Chase & Co., et al*, 386 F.3d 419, 425 (2d Cir. 2004). The Court would also have to be satisfied that abstention is not appropriate, under the circumstances. *See Whitney Lane Holdings, LLC v. Don Realty, LLC*, 2010 WL 1257879, at *5-6 (N.D.N.Y. March 26, 2010) (Sharpe, J.).

For each of these alternative reasons, Plaintiff's motion for a preliminary injunction is denied without prejudice

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 2) is **<u>DENIED</u> without prejudice**.

Dated: November 1, 2010
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge